**UNITED STATES of America,**
**Plaintiff,**

v.

**Ronald Cedric OFFORD, Defendant.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**James P. KORNE, Defendant.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Patrick PEACH, Defendant.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Edward BELLANGER, Defendant.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Michael Edward JOYCE, Jr., Defendant.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Michael LARSON, Defendant.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Stephan A. WALTHER, Defendant.**

Nos. 72-CR-65, 73-CR-78, 73-CR-84, 73-CR-116, 73-CR-136, 73-CR-140 and 73-CR-158.

United States District Court,
E. D. Wisconsin.

March 7, 1974.

David J. Cannon, U. S. Atty., by D. Jeffrey Hirschberg, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff in each action.

D. Winthrop Hass, Milwaukee, Wis., for defendant Ronald Cedric Offord.

Curry First, Milwaukee, Wis., for defendants James P. Korne, Patrick Peach, Edward Bellanger and Michael Larson.

Sandra A. Edhlund, Milwaukee, Wis., for defendant Michael Edward Joyce, Jr.

Todd J. Mitchell, Milwaukee, Wis., for defendant Stephan A. Walther.

## DECISION AND ORDER

REYNOLDS, Chief Judge:

■ All of the above defendants, who have been indicted for failure to comply with the selective service laws, have moved to dismiss their indictments, alleging those laws unconstitutionally discriminate on the basis of sex. This issue was decided in this district in United States v. Hess, Civil Action No. 72–CR–124 (E.D.Wis., filed Nov. 8, 1972). In *Hess* it was held that the issue which is once again being raised here had been judicially rejected in United States v. Camara, 451 F.2d 1122 (1st Cir. 1971), cert. denied 405 U.S. 1074, 92 S.Ct. 1513, 31 L.Ed.2d 808 (1972). Defendants contend that the rationale of the United States Supreme Court in Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), justifies reconsideration of the issue and requires a different result. All of defendants' motions, as they relate to sex discrimination, are denied.

Defendants allege that *Frontiero* established sex as a "suspect classification" and that any statute which classifies individuals on the basis of sex can withstand a constitutional challenge only upon a showing of "necessity" to further a "compelling state interest." It is not clear, however, whether or not a majority of the Court adopted the new standard, and even if they did, no particular result is required in these cases.

The power of Congress to raise an Army is sui generis. The exercise of that power, through the selective service laws, has deprived citizens of the most profound of human and constitutional rights. Men have essentially been forced into involuntary servitude, had their lives placed in jeopardy, and have suffered the indignity and psychological trauma of destroying other human beings. Yet, the governmental interest is so extremely urgent that courts must show the greatest deference to congressional judgment. National security, in its true sense, is at stake.

Courts must be aware of the nature and scope of governmental authority when they are asked to review an exercise of that authority. Just as different individual rights invoke different judicial responses, different governmental interests require diverse judicial treatment. These cases challenge the right of Congress to raise a military force because the manner chosen discriminates against males on the basis of their sex. Given the nature of the congressional authority involved, that authority's constitutional source, the inherent deprivation of rights in any law which conscripts individuals, and the implications to the maintenance of national defense by judicial interference with the challenged statutory scheme, I cannot justify invalidating these laws by analogizing to cases arising in a different context. In short, I am unconvinced that *Frontiero* or any other decision, rendered since *Hess* and *Camara* requires a retreat from these latter two opinions.

■ I wish to stress that all laws which provide for the maintenance of the Armed Services are not free from any form of judicial scrutiny. *Frontiero* clearly establishes, for example, that discriminatory military personnel policies are invalid. We are dealing here, however, with laws which provide for the very existence of the military, and in particular a male military force. A determination that the selective service laws are invalid may do more than in-

convenience the military establishment; it may disrupt it so totally as to jeopardize national defense.

For the above reasons,

It is ordered that the defendants' motions to dismiss their indictments, or to enter judgments of acquittal, insofar as they are based on alleged sex discrimination, are denied.