UNITED STATES of America,
Plaintiff,

v.

Thomas WATSON, Defendant.

UNITED STATES of America,
Plaintiff,

v.

David Wayne ZAMJAHN, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Gary George STORM, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Thomas L. THORPE, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Franklin Van DYCK, Defendant.

Nos. 73-Cr-95, 73-Cr-99, 73-Cr-153, 73-Cr-155, 73-Cr-157.

United States District Court,
E. D. Wisconsin.

March 12, 1974.

David B. Bukey U. S. Atty. by D. Jeffrey Hirschberg, Milwaukee, Wis., for plaintiff.

Perry & First by Curry First, Milwaukee, Wis., for Zamjahn, Van Dyck, Storm.

Primakow & Gimbel by Seymour Gimbel, Milwaukee, Wis., for Thorpe.

Jonathan V. Goodman, Milwaukee, Wis., for Watson.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants in the above-captioned selective service cases have moved for dismissal of their indictments or, in those cases in which trial has been held, for judgments of acquittal. In each case the claim is made that the selective

service laws unconstitutionally discriminate on the basis of sex. Several of the cases also challenge the constitutionality of the Indo-China war, which had not terminated at the time of the actions which underlie these indictments.

■ In United States v. Offord, 373 F.Supp. 1117, (E.D.Wis. decided March 7, 1974), Judge Reynolds rejected the same argument that is presented here. I am in complete agreement with Judge Reynolds and adopt his conclusions with respect to the motions at bar.

■ The challenge to the constitutionality of the Indo-China war is based on the claim that Congress never declared war as provided in article I, section 8 of the Constitution. While recognizing that this argument has been unsuccessful in the past, the defendants urge that the repeal of the Tonkin Gulf Resolution on December 31, 1970, gives new life to the proposition.

I believe that the issue raised by the defendants is a political question beyond the purview of this court.

"In Da Costa v. Laird, 448 F.2d 1368 (2d Cir. 1971), cert. denied, 405 U.S. 979, 92 S.Ct. 1193, 31 L.Ed.2d 255 (1972), this court specifically rejected the contention that the repeal by Congress of the Tonkin Gulf Resolution removed the Congressional authorization previously found sufficient in *Orlando* [Orlando v. Laird, 443 F.2d 1039 (2d Cir. 1971), cert. denied, 404 U.S. 869, 92 S.Ct. 94, 30 L.Ed.2d 113 (1971)] . . . .

" . . . .

" . . . While we as men may well agonize and bewail the horror of this or any war, the sharing of Presidential and Congressional responsibility particularly at this juncture is a bluntly political and not a judicial question." Holtzman v. Schlesinger, 484 F.2d 1307, 1309–11 (2d Cir. 1973).

Therefore, it is ordered that the defendant's motions to dismiss or for judgments of acquittal be and hereby are denied.